IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK ANDREW MORRIS,

                Plaintiff,

    v.

THOMAS S. GOMACH,

                Defendants.

ORDER

18-cv-57-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Frederick Andrew Morris is proceeding in this case on a claim that defendant Officer Thomas S. Gomach gave him an incorrect dosage of medication in violation of the Eighth Amendment. A preliminary pretrial conference was held on May 30, 2016, at which a schedule was set for this case. Dispositive motions are due on March 1, 2019, and trial is scheduled for August 12, 2019. On September 25, 2018, plaintiff wrote to the court asking for a status update regarding this case, dkt. #19, to which the court responded by referring plaintiff to the pretrial conference order. Dkt. #20. On December 6, 2018, the court granted defendant's request to take plaintiff's deposition. Dkt. #22. A few days later, plaintiff filed a motion for assistance in recruiting counsel. Dkt. #23. That motion is now before the court.

      In his motion, plaintiff states that he has "no memory of this case" and was not even aware that this case was ongoing. He also states that he tried to kill himself on July 27, 2018 and was "brain dead" as a result. He says that since the incident, he has lost a lot of his

1

memory and is incapable of proceeding with this case further unless the court recruits counsel to represent him.

I am denying plaintiff's motion. In determining whether to recruit counsel for plaintiff, the relevant question is whether the complexity of the case exceeds his ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this instance, plaintiff's claim is not complex. His allegations relate to a single incident in which defendant allegedly provided him an incorrect dose of medication. Plaintiff was present for the incident, so there should be no need for extensive investigation or discovery. Nor does plaintiff's claim present complex legal and factual issues.

Nevertheless, plaintiff's statements that he has "no memory" of this case and did not even know it was pending until he received defendant's deposition notice raises the question whether he can litigate this case at all, regardless how simple the claim is. At this stage, I am not persuaded that plaintiff's unsubstantiated statement about losing his memory is sufficient to show that he cannot proceed with this case on his own. Plaintiff says he attempted suicide in July 2018 and lost his memory as a result, but he wrote to the court after that date, in September 2018, asking about the status of this case. Additionally, in October 2018, plaintiff represented himself at a jury trial in case no. 16-cv-625-jdp, with no apparent problems arising from memory loss. In November 2018, he drafted and filed a notice of appeal in that case. In light of plaintiff's ability to litigate his other case after the date of his attempted suicide and alleged brain damage, and the lack of any documentation to substantiate plaintiff's statements regarding his ability, I am not persuaded that plaintiff's

July 2018 injuries have rendered him incapable of litigating this case.  Accordingly, I will deny his request for counsel at this time.

Plaintiff must decide whether he will continue prosecuting this case on his own or whether he wants to dismiss it voluntarily.  Any dismissal at this stage would be with prejudice, unless defendant agreed to a dismissal without prejudice.  If plaintiff does not respond by the deadline below stating whether he intends to continue prosecuting this case, I will dismiss it with prejudice for failure to comply with a court order.

ORDER

IT IS ORDERED that plaintiff Frederick Andrew Morris's motion for assistance in recruiting counsel, dkt. #23, is DENIED.  Plaintiff may have until February 19, 2019 to notify the court whether he intends to continue prosecuting this case.  If plaintiff fails to respond by that date, I will dismiss the case with prejudice for plaintiff's failure to comply with a court order.

Entered this 6th day of February, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge