IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK ANDREW MORRIS,

            Plaintiff,

v.

THOMAS S. GOMACH,

            Defendants.

ORDER

18-cv-57-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Frederick Andrew Morris is proceeding on a claim that defendant Officer Tomas S. Gomach gave him an incorrect dosage of medication in violation of the Eighth Amendment. Now before the court are two motions filed by plaintiff. First, plaintiff filed a motion stating that prison staff in the records office, business office and law library have been ignoring his requests for assistance in obtaining documents or have delayed in filing or returning documents. DKt. #37. Plaintiff requests a court order directing prison staff to follow rules.

I will deny this motion because it is too vague. Plaintiff does not provide any specific details about what requests have been ignored by prison staff or how staff's actions have affected his ability to litigate this case. Unless plaintiff can show that staff are preventing him from communicating with the court or taking actions to prevent him from pursuing his claim in this case, I will not interfere with prison operations.

Second, plaintiff has filed a motion for court assistance in recruiting counsel. Dkt.

1

#38. He states that he needs counsel because he is severely mentally ill and suffers from post-traumatic stress disorder, severe depression, audio and visual hallucinations, homicidal and suicidal tendencies, and memory problems. He also states that his imprisonment limits his abilities to litigate, as he is permitted to use only rubber pencils and can visit the law library only once a week for one hour. Finally, he says that he has relied on assistance from other inmates in this case and his previous case, Morris v. Zeimer, 16-cv-625-jdp. I will deny this motion because plaintiff has not shown that he made reasonable efforts to recruit counsel on his own and he has not shown that he needs the assistance of counsel to litigate this case.

A pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding lawyers to represent them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet several requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford to hire his own lawyer. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Plaintiff has met the first requirement because the court has determined that he is indigent.

Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must submit copies of letters from at least three lawyers who have declined to represent him in this case, or alternatively,

2

a sworn declaration that includes the date on which he contacted three lawyers regarding this case and the names of the lawyers. Plaintiff says that he has contacted multiple lawyers, but he does not identify which lawyers he contacted or provide the dates on which he contacted them.

Third, plaintiff must show that his is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. Pruitt, 503 F.3d at 654-55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." Id. at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." McCaa v. Hamilton, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Plaintiff says that he needs a lawyer because his mental illnesses and incarceration limit his ability to litigate this case. However, I have seen no evidence so far that plaintiff's mental illnesses or incarceration have limited his ability to litigate. Plaintiff's filings in this case and his previous case, 16-cv-625, have been legible and coherent. Although plaintiff says he has relied on the assistance of other prisoners, plaintiff was able to represent himself at a jury trial in October 2018, with no apparent problems from his mental illnesses or

memory problems. Plaintiff has submitted no evidence suggesting that his mental illnesses or memory problems have worsened since that time.

In addition, this case does not appear to be complex. Plaintiff's suit raises discrete questions about a single incident when a single defendant allegedly delivered the wrong dose of medication to him. Plaintiff was present during the incident and can testify about his experience, and plaintiff should be able to obtain any relevant medical records from defendant's counsel or the prison health services unit. I set forth the law governing plaintiff's claim in the screening order, dkt. #5, so plaintiff should not need to conduct extensive case law research. Plaintiff's job going forward will be to apply the facts to the legal framework set out by the court.

Finally, plaintiff should know that the court would recruit counsel for every pro se plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year nearly 400 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Few lawyers have the time, willingness and expertise in civil rights litigation to accept appointments and not all of them volunteer to handle one new case a year. Between 2016 and 2017, for example, the court was able to find approximately 17 volunteer lawyers to represent pro se litigants. In the past year, the court has had little success in finding counsel for a number of more complex cases, although the effort to do so is continuing. In the meantime, the claims of these litigants have been delayed significantly. Even for a simple case, it often takes months for the court to locate counsel willing to accept the case. Although the court is continually trying new

approaches to recruiting counsel, there continue be many more litigants who want the help of counsel than there are counsel who can fill that need. For this reason, the court must carefully consider each plaintiff's abilities and the complexities of the claim in determining whether to recruit counsel in any particular case.

For these reasons, I will deny plaintiff's request for court assistance in recruiting counsel without prejudice. If later developments in the case show that plaintiff is unable to represent himself, he is free to renew his motion for court assistance in recruiting counsel at that time.

ORDER

IT IS ORDERED that plaintiff Frederick Andrew Morris's motion for court order to prison staff, Dkt. #37, and motion for assistance in recruiting counsel, Dkt. #38, are DENIED.

Entered this 9th day of January, 2020.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge