IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK ANDREW MORRIS,

                                                   OPINION AND ORDER

        Plaintiff,

                                                   18-cv-57-bbc

    v.

THOMAS S. GOMACH,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Frederick Andrew Morris is proceeding on a claim that defendant Officer Tomas S. Gomach gave him an incorrect dosage of medication in violation of the Eighth Amendment. Now before the court is defendant's motion for summary judgment. Dkt. #42. In addition, plaintiff filed a motion to deny defendant's motion for summary judgment and grant default judgment to plaintiff, dkt. #65, on the ground that defendants' reply brief was untimely. However, defendant filed his reply brief on his June 1, 2020 deadline, so it was not untimely.

      Turning to defendant's proposed findings of fact, I note that plaintiff objects to defendant's reliance on the incident report he drafted in September 2016 to support defendant's proposed findings of fact regarding the September 11, 2016 incident at issue in this case. Plaintiff argues that defendant should have submitted a declaration to describe his memory of the incident, rather than rely on his typed incident report. Although plaintiff does not identify the legal basis for his objection, I assume he is making a hearsay objection

1

to the incident report. In response to plaintiff's object, defendant argues that the incident report is admissible as a business record.

I agree with defendant. An incident report is admissible under the business records exception to the hearsay rule if: (1) the record was made at or near the time, by—or from information transmitted by—someone with knowledge; (2) the record was kept in the ordinary course of a regularly conducted activity of a business, organization, occupation, or calling; (3) making the record was a regular practice of that activity; (4) all these conditions are shown by the testimony of a custodian or another qualified witness; and (5) the opponent does not show that the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 803(6). Similarly, public records are admissible to the extent that they set out "a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel," as long as there is no reason to doubt the trustworthiness of the record. Fed. R. Evid. 803(8)(A)(ii) and (B). See also Jordan v. Binns, 712 F.3d 1123, 1133 (7th Cir. 2013) (police reports generally excluded as hearsay *except* to extent that they incorporate firsthand observations of officer). After reviewing the report and the affidavit submitted by the record's custodian in conjunction with it, I am satisfied that these conditions are satisfied, and plaintiff has not argued otherwise. Therefore, defendant's observations in the incident report are admissible.

From defendant's proposed findings of fact and plaintiff's responses, I find the following facts to be undisputed unless otherwise noted.

UNDISPUTED FACTS

Plaintiff Frederick Morris is incarcerated at Columbia Correctional Institution, where defendant Thomas Gomach was a correctional officer at times relevant to this case. One of defendant's job duties was to deliver medication to inmates at their cells. Both correctional officers and inmates are responsible for insuring that the inmates receive the correct medication. The prison's inmate handbook instructs inmates to insure that they have received the correct medication before ingesting any medications.

On September 11, 2016, defendant distributed medications in the restrictive housing unit, where plaintiff was housed at the time. Defendant gave two medications to plaintiff. Plaintiff's medications were in liquid form, because he had a history of hoarding and overdosing with pills. Plaintiff took the first medication without incident. The second medication was Valproic acid. Defendant showed the medication to plaintiff and plaintiff confirmed that it was his. Defendant then dispensed the medication to plaintiff, and plaintiff ingested it. Defendant then closed the trap door on plaintiff's cell.

Plaintiff was very sleepy at the time, but he realized that he had taken too much of the Valproic acid. (Defendant had given plaintiff 2500 milligrams of the medication, instead of 250 milligrams.) Plaintiff yelled that defendant had been given him too much of the medication. Defendant immediately contacted the sergeant, who told defendant to call the lieutenant. Defendant called the lieutenant, who told defendant to call a nurse. A nurse had just walked onto the restrictive housing unit to deliver medication to another inmate, so defendant reported the incident to her. Plaintiff was then taken to the health services unit,

where he reported feeling tired. Plaintiff's vitals were normal, but the on-call physician requested that poison control be called. According to poison control, a dangerous dose of Valproic acid is 5 grams and can cause seizures. Plaintiff had taken a total of 3 grams of Valproic acid that day. Poison control recommended monitoring plaintiff until 10:00 p.m. Because medical personnel would not be at the prison after 6:00 p.m., plaintiff was taken to the local hospital to be monitored.

At the hospital, plaintiff was given an IV. Plaintiff's vitals were normal and he was in no apparent distress, though he complained of feeling tired. Plaintiff was later discharged. The discharge notes stated that plaintiff had suffered a non-toxic overdose and that no further treatment was needed.

OPINION

The Eighth Amendment's prohibition on cruel and unusual punishment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). A prison official violates the Eighth Amendment if the official acts with "deliberate indifference" to a "substantial risk of serious harm" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 828, 832 (1994).

Defendant contends that he is entitled to summary judgment because plaintiff cannot show that (1) plaintiff was harmed by receiving the incorrect dosage of his medication, or (2) that defendant acted with deliberate indifference. I do not need to decide whether

plaintiff was harmed by receiving too much of his medication, because I agree with defendant that plaintiff has submitted no evidence from which a reasonable jury could conclude that defendant acted with deliberate indifference.

"Deliberate indifference" means that the officials were aware that the prisoner faced a substantial risk of serious harm but disregarded the risk by consciously failing to take reasonable measures to address it.  Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Deliberate indifference requires intentional or reckless disregard for a known danger. Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011).  Plaintiff contends that defendant acted with deliberate indifference to his health or safety by giving him ten times the amount of medication that he was supposed to receive, requiring plaintiff to suffer anxiety and spend several hours in the hospital.

Plaintiff is understandably upset that he was given such a high dosage of his medication.  However, plaintiff has not submitted evidence that would support a constitutional claim against defendant.  It may be that defendant should have been more careful in reviewing plaintiff's medication card and insuring that plaintiff was receiving the correct dosage of Valproic acid.  But plaintiff has not shown that defendant's failure to do so was anything more than a one-time mistake.  Mistakes, inadvertent errors, negligence, gross negligence or even malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment.  Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996). There is no evidence in the record to support a conclusion that defendant intentionally gave plaintiff an incorrect dosage, or that defendant acted with disregard for plaintiff's safety.

When defendant realized that plaintiff had received the wrong dosage, he contacted his supervisors and nurse immediately. Plaintiff was promptly taken to the health services unit, where he was assessed and transported to the hospital. No reasonable jury could conclude that defendant violated the Eighth Amendment. Therefore, defendant is entitled to summary judgment.

## ORDER

IT IS ORDERED that

1. Defendant Thomas Gomach's motion for summary judgment, dkt. #42, is GRANTED.

2. Plaintiff Frederick Andrew Morris's motion to deny defendant's motion on procedural grounds, dkt. #65, is DENIED.

Entered this 7th day of July, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge